Curt H. Feig, OSB No. 911360
Email: cfeig@nicollblack.com
NICOLL BLACK & FEIG, PLLC
1325 Fourth Ave., Suite 1650
Seattle, WA  98101
Phone: (206) 838-7555
Fax: (206) 838-7515

*Attorneys for Plaintiff*
*Camico Mutual Insurance Company*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| CAMICO MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> MCCOY FOAT & COMPANY, CPAS, P.C., an Oregon professional corporation; MARK FOAT, an individual; AMY PATE, an individual; ANTHONY PATE, an individual; FRED STOCKTON, an individual; and CHRISTY STOCKTON, an individual; <br><br> Defendants. | **Case No.** <br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT; REFORMATION** |

PLAINTIFF, CAMICO MUTUAL INSURANCE COMPANY, alleges upon information and belief:

### PARTIES

1.    CAMICO Mutual Insurance Company, Inc. ("CAMICO") is an insurance corporation organized under the laws of the State of California, with its principal place of business in California, and at all material times conducted business within this District.

2.      McCoy Foat & Company, CPAs, P.C. ("MFC") is an accounting firm that is an Oregon professional corporation and at all materials times conducted business within this District.

3.      Mark Foat is an individual and resident of the State of Oregon.

4.      Amy Pate is an individual and resident of the State of Oregon.

5.      Anthony Pate is an individual and resident of the State of Oregon.

6.      Fred Stockton is an individual and resident of the State of Arizona.

7.      Christy Stockton is an individual and resident of the State of Arizona.

## JURISDICTION AND VENUE

8.      CAMICO incorporates by reference the allegations in paragraphs 1 through 7 as though set forth herein.

9.      Exclusive of interest and costs, the amount in controversy exceeds $75,000 (the sum specified in 28 U.S.C. §1332).

10.     A present and actual controversy exists regarding CAMICO's obligations under insurance policy number ORL09157 issued to MFC. Plaintiff seeks and is entitled to a declaration of the rights of the parties under 28 USC §2201 and Fed. R. Civ. P. 57.

11.     This court has jurisdiction under 28 U.S.C. §1332 (Diversity) and 28 U.S.C. §2201 (Declaratory Judgment).

12.     Venue is proper in this Court under 28. U.S.C. § 1391(b)(2) because jurisdiction is founded on both diversity and the declaratory judgment act, rather than diversity alone, and the events or omissions giving rise to the claim concern the issuance of insurance policies in the judicial district and the coverage benefits afforded by those policies.

\\

COMPLAINT FOR
DECLARATORY JUDGMENT - 2

\\

## **FACTUAL ALLEGATIONS**

A. **The Insurance Policy**

1.     CAMICO issued Accountants Professional Liability Insurance Policy Number ORL09157 to named insured MFC, effective January 1, 2017 to January 1, 2018 (the "Policy"). A copy of the Policy is attached as Exhibit 1 to this Complaint.

B. **International Business Associates, Inc.**

2.     When negotiating the terms of the Policy in July 2002, MFC, then named "McCoy & Company, CPAs, PC", ("MFC") represented to CAMICO that its practice included an office share with "IBA" and "ABA." MFC represented to CAMICO that: "IBA" stands for International Business Associates, Inc.; IBA helps people buy or sell businesses by matching buyers and sellers to businesses; they (MFC) receive a fee for these services; IBA has independent contractor brokers who perform these services in return for a share of the fee; and IBA is not real estate business, but a real estate license is required for these services. MFC represented to CAMICO that "ABA" stands for American Business Advisors, LCC, and that it provides business appraisals but contracts out the "real estate" appraisal portion. MFC represented to CAMICO that the ownership of both IBA and ABA was the same as the ownership of MFC. Based on this information and in the course of issuing the Policy, CAMICO advised MFC that the intent of the Policy was to exclude coverage for real estate deals in any capacity. IBA, and any other activity by anyone acting in the capacity of a licensed real estate agent in the firm would not be covered under the Policy. This was reflected in the Special Exclusion Endorsement contained in the Policy. The terms and conditions of the Policy were

COMPLAINT FOR
DECLARATORY JUDGMENT - 3

agreed to by CAMICO and MFC and the Policy was issued and went into effect on July 16, 2002.

3.    Following the issuance and inception of the Policy, MFC specifically asked CAMICO to add IBA as an insured under the Policy.  Based upon underwriting guidelines in place, CAMICO expressly declined to do so and advised MFC to obtain errors and omissions coverage for IBA elsewhere.

4.    International Business Associates, Inc. was registered with the Oregon Secretary of State on January 26, 1982. Its principal place of business was registered as 1800 Blankenship Rd STE 445, West Linn, Oregon 97068. The entity was administratively dissolved on March 28, 2003.

5.    International Business Associates was registered with the Oregon Secretary of State on April 10, 2003.

6.    International Business Associates filed a request for reinstatement/reactivation with Oregon Secretary of State on March 21, 2016. Its principal place of business was registered as 1800 Blankenship Rd STE 445, West Linn, Oregon 97068.

7.    International Business Associates filed a request for reinstatement/reactivation with the Oregon Secretary of State on June 2, 2017. Its principal place of business was changed from 1800 Blankenship Rd STE 445, West Linn, Oregon 97068 to 1800 Blankenship Rd STE 130, West Linn, Oregon 97068.

8.    International Business Associates is currently located at 1800 Blankenship Road STE 445, West Linn, Oregon 97068. This office location is identified on IBA's website: https://ibainc.com/contact-us/. This is the same location as the former entity name "International Business, Inc."

COMPLAINT FOR
DECLARATORY JUDGMENT - 4

C.      **The Underlying Lawsuit**

9.       Defendants MFC and Mark Foat are named as defendants in a lawsuit expected to be filed in the Circuit Court of the State of Oregon for the County of Clackamas. The case is entitled *Pate et al. v. McCoy Foat & Co. et al.* ("Underlying Lawsuit"). The *Pate et al. v. McCoy Foat & Co. et al.* Complaint ("Underlying Complaint") is attached as Exhibit 2 to this Complaint.

10.      The Underlying Complaint alleges Mark Foat and MFC performed accounting, tax, and consulting services for Bonzi Technology, Inc. ("Bonzi") and the Pates beginning in 2014. Defendants/underlying plaintiffs Amy Pate, Anthony Pate, Fred Stockton, and Christy Stockton ("defendants/underlying plaintiffs Pate and Stockton") are the former shareholders of Bonzi.

11.      According to the Underlying Complaint, the owners of Bonzi were approached by an outside company looking to acquire Bonzi in November 2015. Amy Pate asked MFC and Mark Foat personally for assistance with the inquiry, and needed someone to help answer the interested company's due diligence inquires and determine a true market value for the business. Mark Foat referred Amy Pate to Eugene Wallace. Mark Foat provided no other referral and did not recommend hiring an investment banker to value the business. The Underlying Complaint alleges Mark Foat failed to disclose a conflict of interest existed as Wallace was in business with Mark Foat through an entity called MFG LLC dba International Business Associates (IBA).

12.      The Underlying Complaint alleges IBA was a business broker of small businesses. IBA would broker the sale of a business and then take a commission. This work was

performed by IBA "associates". The Underlying Complaint alleges Wallace was an IBA associate when he was identified and endorsed by Mark Foat.

13.     The Underlying Complaint alleges IBA was owned by MFG, LLC; that "MFG" are the initials of McCoy Foat partners, Michael McCoy, Mark Foat, and Richard Gassner, each of whom was also a member of MFG LLC; IBA's principal place of business was located within the McCoy Foat office; IBA had no employees but McCoy Foat employees worked on IBA tasks without compensation; IBA bank statements were sent directly to Mark Foat; and Mark Foat and McCoy Foat paid IBA expenses and were owed money from IBA. The Underlying Complaint alleges none of this was disclosed to Bonzi, to the Pates, or to the Stocktons when Mark Foat identified and endorsed Wallace in December 2015.

14.     The Underlying Complaint alleges Wallace provided a proposed Authorization to Sell and Fee Agreement purporting to confirm an agreement reached with Bonzi for IBA to receive a commission based on a percentage of the sale price. A dispute arose between Bonzi and Wallace regarding the terms of the agreement between Bonzi and IBA, and about Wallace's role with respect to the negotiations regarding the purchase of Bonzi. The Underlying Complaint alleges Mark Foat continued to endorse Wallace and IBA but did not disclose his interest in IBA or his relationship with Wallace through his affiliation with IBA.

15.     Defendants/underlying plaintiffs Pate and Stockton allege three claims for relief against MFC and Mark Foat in the Underlying Complaint: (1) Negligence; (2) Fraud; and (3) Breach of Fiduciary Duty. The Underlying Complaint alleges damages estimated to be no less than $7,500,000, and reserves the right to amend to seek punitive damages.

16.     MFC and Mark Foat claim CAMICO is obligated to defend and indemnify them for the claims against them under the terms of the Policy.

D.      **The Coverage Dispute**

17.     In May 2017, MFC was served with a deposition subpoena in a lawsuit brought by IBA against Bonzi for the commission it said was due. On or about May 11, 2017, MFC reported that matter to CAMICO.

18.     On or about May 11, 2017, CAMICO accepted the tender as a *Potential Claim* and agreed to appoint counsel to defend McCoy Foat and Mark Foat.

19.     In December 2017, Bonzi's attorney requested MFC sign a tolling agreement.

20.     CAMICO accepted tender of the claim as triggered by the request for a tolling agreement and appointed defense counsel, subject to a full and complete reservation of rights, based on the grounds in its letter to Mark Foat, dated December 19, 2017.

21.     On January 23, 2018, defense counsel forwarded an email to Mark Foat and CAMICO from Bonzi's attorney. The email included document requests and attached an unfiled draft of the Underlying Complaint.

22.     Based on review of the unfiled draft of the Underlying Complaint, CAMICO advised MFC and FOAT the Policy did not afford coverage for the claims set forth in the unfiled draft of the Underlying Complaint and CAMICO intended to withdraw its defense of MFC and Mark Foat.

23.     On or about February 19, 2018, coverage counsel for MFC and Mark Foat requested reconsideration of CAMICO's intended withdrawal. In part, coverage counsel for MFC and Mark Foat asserted the Underlying Complaint includes no allegation related to a corporation known as "International Business Associates, Inc." but instead refers to "MFG LLC, dba International Business Associates."

COMPLAINT FOR
DECLARATORY JUDGMENT - 7

24.    On or about March 1, 2018, CAMICO agreed to continue to provide a defense to MFC and Mark Foat, subject to a full and complete reservation of rights to deny coverage, including any duty to defend or pay/indemnify, based on the grounds set forth in its letter to Mark Foat, dated March 1, 2018, and attached as Exhibit 3 to this Complaint. That letter is incorporated herein by reference, and sets out the bases for CAMICO's reservation of rights concerning MFC's and Mark Foat's tender of indemnity.

## CLAIM FOR DECLARATORY JUDGMENT

25.    CAMICO incorporates by reference the allegations in paragraphs 1 through 23 as though set forth herein.

26.    There is a dispute between CAMICO and defendants MFC and Mark Foat concerning whether the Policy affords coverage, in whole or in part, for the claims asserted in the *Pate v. McCoy Foat & Co. et al.* lawsuit.

27.    The Policy does not apply to claims in connection with, arising out of, or relating to International Business Associates, Inc.

28.    The Policy does not apply to claims where an Insured is or was at any time managing, controlling or operating a non-insured entity; or in which any Insured held a greater than 20% ownership.

29.    The Policy excludes claims based on, arising from or related to dishonest, fraudulent, malicious or criminal act, error or omission of any Insured.

30.    The Policy does not indemnify punitive or exemplary damages, fines, sanctions, penalties or multiplied damages (whether doubled, trebled or otherwise).

31.    Based on the foregoing, CAMICO is entitled to a declaration under 28 U.S.C. § 2201 that the Policy does not afford coverage for the claims asserted against MFC and Mark

Foat as set forth in the draft Underlying Complaint and that, as a result, CAMICO has no duty to defend MFC and Mark Foat in connection with the asserted claims.

## CLAIM FOR REFORMATION

32.     CAMICO incorporates by reference the allegations contained in paragraphs 1 through 30 as though set forth herein.

33.     If this court concludes that the "IBA exclusion" does not apply to bar coverage for MFC's and Mark Foat's claims related to the Underlying Lawsuit, then, in the alternative, CAMICO is entitled to reformation of the Policy based on the representations and facts surrounding the negotiation and placement of the Policy with CAMICO.

34.     Both CAMICO and MFC intended to enter into an agreement that specifically excluded coverage for any claims in connection with, arising out of or relating to the business of IBA.

35.     The Special Exclusion Endorsement refers to "International Business Associates, Inc." only because of a drafting mistake, not because that is what the parties intended.

36.     Based on the foregoing, CAMICO is entitled to reformation of the contract between CAMICO and MFC to correct the scrivener's error on the Special Exclusion Endorsement, changing it from "International Business Associates, Inc." to "MFG LCC, dba International Business Associates."

## PRAYER FOR RELIEF

WHEREFORE, CAMICO prays that the Court enter judgment declaring:

37.      There is no coverage under CAMICO Policy No. ORL09157 for the claims asserted against defendants MFC and Mark Foat in the *Pate v. McCoy Foat & Co. et al* draft Underlying Complaint, and consequently that there is no duty to defend MFC and Mark Foat and

no duty to pay/indemnify MFC and Mark Foat for any judgment or settlement arising out of the *Pate v. McCoy Foat & Co. et al* lawsuit;

38.    That, if the Policy's IBA exclusion does not apply as written, CAMICO is entitled to have that exclusion reformed so that it refers not to IBA, Inc. but, rather, to MFG, LLC d/b/a International Business Associates.

39.    That CAMICO be awarded its statutory fees and costs;

40.    That CAMICO be awarded reimbursement of Claims Expenses incurred in defending under a reservation of rights MFC and Mark Foat in the underlying lawsuit;

41.    That CAMICO be awarded such other and further relief as is just and equitable.

DATED this 20th day of April, 2018.

NICOLL BLACK & FEIG PLLC


_____/s/ Curt H. Feig_____
Curt H. Feig, OSB No. 911360
Of Attorneys for Plaintiff