IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAMICO MUTUAL INSURANCE COMPANY,<br><br>                      Plaintiff,<br><br>    v.<br><br>McCOY FOAT & COMPANY, CPAs, P.C., an Oregon professional corporation; MARK FOAT, an individual; AMY PATE, an individual; ANTHONY PATE, an individual; FRED STOCKTON, an individual; and CHRISTY STOCKTON, an individual,<br><br>                      Defendants. | No. 3:18-cv-00701-HZ<br><br>OPINION & ORDER |

Curt H. Feig
NICOLL BLACK & FEIG, PLLC
1325 Fourth Avenue, Suite 1650
Seattle, Washington 98101

    Attorney for Plaintiff

/ / /

1 - OPINION & ORDER

W. Blake Mikkelsen
Michael E. Farnell
PARSONS FARNELL & GREIN, LLP
1030 S.W. Morrison Street
Portland, Oregon 97205

    Attorneys for Defendants McCoy Foat & Co. and Mark Foat

J. Kurt Kraemer
McEWEN GISVOLD LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon 97204

    Attorney for Defendants Amy & Anthony Pate and Fred & Christy Stockton

HERNANDEZ, District Judge:

    Plaintiff Camico Mutual Insurance Company brings this declaratory judgment action against its insured Defendant McCoy Foat & Company ("MFC"), a professional accounting firm, as well as the following individuals: Mark Foat, Amy Pate, Anthony Pate, Fred Stockton, and Christy Stockton. Foat, alleged in the Complaint to be "an individual," is apparently one of three partners of MFC. *See* Compl. ¶¶ 3, 13. The remaining Defendants ("the Pate and Stockton Defendants") are individuals who are preparing to file suit in state court against MFC and Foat. Thus far, the Pate and Stockton Defendants have drafted a complaint in that case ("the Underlying Complaint" or "the Underlying Lawsuit") but have not yet filed it. MFC and Foat, however, have sought coverage for the defense of the Underlying Lawsuit and for payment of the claims in the Underlying Complaint, from Plaintiff. Plaintiff seeks a declaratory judgment that its policy does not afford coverage for the claims asserted against Foat and MFC as set forth in the Underlying Complaint and that as a result, Plaintiff has no duty to defend MFC and Foat in connection with those claims. Plaintiff also brings an alternative claim for reformation.

The Pate and Stockton Defendants move to dismiss the claims against them, arguing that there is no actual controversy between them and Plaintiff. I deny the motion.

STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept unsupported conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992); s*ee also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks and alterations omitted).

DISCUSSION

The Pate and Stockton Defendants argue that there is no actual controversy between them and Plaintiff. They observe that the Complaint mentions them only twice: first, in identifying them as parties, and second, in describing the allegations in the Underlying Complaint. Compl. ¶¶ 47, 9-15, ECF 1. They contend that the coverage dispute at issue in the case exists only between Plaintiff and its insured and the allegations describing that dispute do not mention them. *Id.* ¶¶ 17-24. Neither the declaratory judgment claim nor the reformation claim refer to any controversy between Plaintiff and the Pates or Stocktons. *Id.* ¶¶ 25-36. The declaratory

judgment claim refers only to the rights and obligations of Plaintiff and its insured and the reformation claim refers only to Plaintiff's and its insured's intentions under the insurance policy at issue. *Id.* Additionally, the Pate and Stockton Defendants note, the Underlying Lawsuit has not yet been filed. Presently, it is an unfiled draft of a state court complaint and nothing more. Based on these facts, the Pate and Stockton Defendants argue that there is no basis to conclude that an actual controversy exists between the Pate and Stockton Defendants and Plaintiff. As a result, they argue that there is no proper claim asserted against them and they should be dismissed from the case. Finally, they argue that the possibility of duplicative litigation with inconsistent factual determinations requires this Court to exercise its discretion and dismiss them from this case.

Plaintiff seeks a declaration of the parties' rights under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. That Act provides: "In a case of actual controversy within its jurisdiction, . . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also Am. Int'l Specialty Lines Ins. Co. v. Remtech, Inc.*, No. 3:11-cv-93-AA, 2011 WL 13254507, at *1 (D. Or. Aug. 15, 2011) ("[D]istrict courts may exercise their discretion to resolve matters of insurance coverage in declaratory actions.").

The "actual controversy" requirement is satisfied where the plaintiff alleges facts showing a substantial controversy between parties with adverse legal interests that is sufficiently immediate to warrant the issuance of declaratory relief. *Md. Cas. Co. v. Pac. Coal & Oil Co.*,

312 U.S. 270, 273 (1941). Generally, a case or controversy is found when an insurer brings a declaratory judgment action against its insured regarding the insurer's duty to defend and indemnify. *See*, *e.g.*, *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994). Statutory jurisdictional requirements are also met in this case because there is complete diversity between the parties and the amount in controversy is more than $75,000. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1988) (en banc) (lawsuits seeking federal declaratory relief "must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution" and "must also fulfill statutory jurisdictional prerequisites"); 28 U.S.C. § 1332(a).

The issue here, however, is not whether there is a case or controversy between Plaintiff and its insured but whether such case or controversy exists between Plaintiff and the third-party claimants in the Underlying Lawsuit. Cases recognize that third-party claimants are proper parties in declaratory relief actions between an insurer and its insured to determine the scope of insurance coverage. *Navigators Ins. Co. v. K & O Contracting, LLC*, No. 3:12-cv-01324-ST, 2013 WL 1194722, at *2 (D. Or. Jan. 10, 2013) ("There is no doubt that a third-party claimant is a *proper* party to a declaratory relief action between the insurer and its insured to determine the scope of insurance coverage") (citing *Md. Cas. Co.*, 312 U.S. at 273–74; *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 658 (10th Cir. 1946); *State Farm Fire & Cas. Co. v. Reuter*, 294 Or 446, 450–53, 657 P.2d 1231, 1233–34 (1983) (agreeing with *Franklin Life Ins. Co.*); *State Farm Fire & Cas. Co. v. Teyema*, No. Civ. 05–201–ST, 2005 WL 2244195, at *2–3 (Sept. 15, 2005) (following *Reuter* )), adopted by J. Mosman, 2013 WL 1194715 (D. Or. Mar. 21, 2013).

In *Reuter*, the Oregon Supreme Court "agree[d] with the Tenth Circuit's discussion of the

propriety of joining potential third party claimants[.]" 294 Or. at 450, 657 P.2d at 1233. Quoting from the Tenth Circuit, the *Reuter* court explained:

> "The purpose of the declaratory judgment action is to settle actual controversies before they have ripened into violations of law or legal duty or breach of contractual obligations. In declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured."

*Id.* at 450-51, 657 P.2d at 1233-34 (quoting *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 658 (10th Cir. 1946)). Continuing, the *Reuter* court observed that the "Supreme Court has held that in an action by an insurance company to determine its liability under a liability insurance policy, third parties asserting claims against the insured are proper parties." *Id.* at 451, 657 P.2d at 1234 (citing *Md. Cas. Co.*, 312 U.S. 270, 273–74 (1941)). Relying on *Reuter*, Judge Haggerty concluded in *Teyema* that the insurer had "a right to have its obligations to [the third party] determined" and had properly named the third party as a co-defendant in the declaratory judgment action. *Teyema*, 2005 WL 2244195, at *2-3.

As these cases and others recognize, the underlying third-party claimants in such cases have an interest in the declaratory action between the insurer and its insured. *E.g.*, *Colony Ins. Co. v. Vantaggio Farming Corp.*, No. 1:17-cv-00714-LJO-SKO, 2017 WL 3478998, at *4 (E.D. Cal. Aug. 14, 2017) (analyzing, under Federal Rule of Civil Procedure 19, whether injured third party in underlying action was a "necessary" party to a declaratory judgment action between an insured and an insurer and agreeing with those courts finding such parties necessary parties because "'an injured party asserting claims against an insured has an interest relating to the subject of the declaratory judgment action between the insurer and the insured'") (quoting

*Greenwich v. Rogers*, 729 F. Supp. 2d 1158, 1165 (C.D. Cal. 2010)); *Greenberg v. Fireman's Fund Ins. Co.*, No. CV-07-1554-PHX-DGC, 2007 WL 4105990, at *2 (D. Ariz. Nov. 16, 2007) (third party in underlying suit is a "necessary and proper party [in declaratory judgment action between insurer and insured to determine coverage] because the injured party has a material interest in the outcome of the suit") (internal quotation marks omitted); *Essex Ins. Co. v. Westerly Granite Co., Inc.*, No. 14-241 ML, 2014 WL 4996693, at *2 (D. R.I. Oct. 7, 2014) ("if a federal court may entertain a complaint by the insurer for a declaratory judgment naming the insured and the tort claimants as defendants, certainly the tort claimants are proper defendants").

While not expressly discussing this issue in terms of the "actual controversy" language of the Declaratory Judgment Act, these cases recognize that a decision in the declaratory judgment action that there is no coverage could affect the third-party claimant's ability to recover damages should the third party prevail in the underlying action. *Greenberg*, 2007 WL 4105990, at *2. Thus, the absence of the third-party claimant may impair that party's ability to its interest relating to the subject of the suit. *Id.* Additionally, the absence of the third-party underlying claimant raises the risk of inconsistent determinations in duplicative litigation. *Id.*; *Colony Ins. Co.*, 2017 WL 3478898, at *4. And, absent presence in the declaratory judgment case, the third-party claimant would not necessarily be bound by the determination of coverage liability. *Colony Ins. Co.*, 2017 WL 3478898, at *4; *Essex Ins. Co.*, 2014 WL 4996693, at *3 (noting that any ruling interpreting the insurance policy would not be binding on the underlying third-party claimants if they are not parties to the declaratory action proceeding).[1]

---

[1] A case from this District granted a motion to dismiss by similarly-situated defendants when they represented that they had not made a claim against the policy and did not care how the

Because the Pate and Stockton Defendants have an interest in the controversy between Plaintiff and MFC, Plaintiff has sufficiently stated a case or controversy implicating the Pate and Stockton Defendants.

The next issue is whether the controversy is sufficiently ripe. In determining "whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Shell Gulf of Mex., Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (quoting *Md. Cas. Co.*, 312 U.S. at 273). As Plaintiff notes, the Declaratory Judgment Act "is intended to allow earlier access to federal courts to spare potential defendants from the threat of impending litigation." *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 2002).

The Pate and Stockton Defendants suggest that this action is not sufficiently "immediate" or "real" because the Underlying Lawsuit has not been filed and remains only an "unfiled draft of a state court complaint." Defs.' Mot. 2, ECF 16.[2] They assert that in order for the controversy

---

insured paid for her attorney's fees or paid for any damages awarded to them in the underlying action. *State Farm Fire & Cas. Co. v. Finch*, No. 01-711-KI, 2001 WL 34050110, at *2 (D. Or. Sept. 7, 2001). However, Judge King, in allowing the defendants' motion, held that the defendants were estopped from contending that the insurer must indemnify its insured and thus recognized that the underlying third-party claimants had a stake in the outcome of the declaratory judgment action that they were forfeiting with their dismissal. *Id.* (noting that the moving defendants/underlying third-party claimants "have their chance to weigh in on that [indemnity] issue in this action and they are not interested in doing so.").

[2] Since the briefing on the motion was complete, it appears that the state court complaint has actually been filed. *See* Aug. 21, 2018 Joint Status Report & Discovery Plan ¶ 6 (identifying

here to be appropriate for declaratory relief, the Underlying Lawsuit "would need to be filed, the dispute would need to be tried to a jury, the jury would need to return a verdict in favor of the Pates and the Stocktons, any judgment against Mr. Foat or [MFC] would need to be uncollectable before any claim would be tendered to CAMICO for payment, and then CAMICO would have a basis to assert against the Pates and Stocktons a lack of coverage." *Id.* at 2-3. This, the Pate and Stockton Defendants assert, is too remote and contingent to be appropriate for declaratory relief. *Id.* at 3. I disagree.

As noted above, the coverage issues between Plaintiff and MFC sufficiently implicate the interests of the Pate and Stockton Defendants to create a present controversy. Additionally, the fact that the Underlying Lawsuit has not yet actually been filed does not make the case or controversy too tangential or remote. Obviously, the Pate and Stockton Defendants have drafted a complaint and it has allegedly been shared with MFC and/or Foat. Compl. ¶¶ 10, 21 (alleging that in January 2018, Foat and Plaintiff received an email originally sent by the attorney for a company named Bonzi Technology, Inc. whose former shareholders were the Pate and Stockton Defendants, which included an unfiled draft of the Underlying Complaint). Plaintiff is already providing a defense to MFC and Foat as to the claims in the Underlying Complaint. *Id.* at ¶ 24 (alleging that in March 2018, Plaintiff agreed to provide a defense to MFC and Foat as to the claims brought against them by the Pate and Stockton Defendants subject to a reservation of rights).

---

as a related case, *Pate, et al. v. McCoy Foat & Co., CPAs, P.C., et al.*, Clackamas County Circuit Court Case No. 18CV31641), ECF 27. My determination that a case or controversy exists is only reinforced by the actual filing of the case.

The Ninth Circuit has indicated that an immediate case or controversy may be found even absent the threat of litigation as long as the declaratory judgment plaintiff "has a real and reasonable apprehension that he will be subject to liability[.]" *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981). *Societe* concerned the issue of patent validity. The plaintiff brought an action seeking a declaratory judgment that the patent owned by the defendant was invalid. The district court dismissed the action because there was no case or controversy. On appeal, the parties agreed that an actual threat of litigation established a case or controversy. *Id.* The Ninth Circuit explained that under the Constitution, a case or controversy was established with "a much lower threshold[.]" *Id.* Instead, "[a] better way to conceptualize the case or controversy standard is to focus on the declaratory judgment plaintiff." *Id.* In a patent case, that means that the plaintiff establishes a case or controversy when it has "a real and reasonable apprehension that [it] will be subject to liability" by continuing to manufacture its product. *Id.* Again considering patent cases, the court explained that when a plaintiff has not yet begun to manufacture the patented product, no case or controversy would appear because the plaintiff would effectively be asking for an advisory opinion. *Id.* But, when the plaintiff, as was the case in *Societe*, is an actual manufacturer of a product that may infringe the patent owned by another, the "adverse legal positions of the parties are more crystallized and the possibility that the court will be asked to render an advisory opinion on a set of hypothetical facts is minimized." *Id.*

The facts in *Societe* included a call from the defendant to a client threatening to take the client to court for patent infringement if the client purchased competing equipment from the

plaintiff instead. *Id.* This was "sufficient to put [the plaintiff] in a defensive posture with respect to its continued manufacture" of the product at issue. *Id.* With this, the plaintiff's "apprehension that it could be subject to liability for patent infringement appears real and reasonable." *Id.* at 945. Moreover, the court found it relevant that the defendant had not withdrawn its threat or indicated that it would not sue the plaintiff for infringement. *Id.*

As the Ninth Circuit noted in a case the following year, *Societe* requires a "flexible approach that is oriented to the reasonable perceptions of the plaintiff." *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982). Although *Societe* involved patent validity, it provides guidance here. The Pate and Stockton Defendants cite to no cases expressly holding that in an insurance coverage declaratory judgment action, an underlying complaint must have been filed in order to create a ripe and immediate dispute. *Societe* teaches that when looked at from the plaintiff's perspective, Plaintiff here has a reasonable fear and apprehension that MFC and Foat will be sued by the Pate and Stockton Defendants and that Plaintiff might be subject to liability under the insurance policy. The Pate and Stockton Defendants have clearly threatened litigation against Plaintiff's insured and the insured has sought coverage from Plaintiff. Plaintiff is in a defensive posture right now as a result of the threatened litigation by the Pate and Stockton Defendants. Thus, the controversy is sufficiently immediate and ripe to come within the case or controversy requirement of the Declaratory Judgment Act.

Finally, even when the case or controversy and jurisdictional requirements are satisfied, adjudicating the declaratory relief claim is still a matter of discretion for the district court. *Dizol*, 133 F.3d at 1223. In exercising this discretion, the factors from *Brillhart v. Excess Insurance*

*Co. of America*, 316 U.S. 491 (1942) "remain the philosophical touchstone for the district court." *Id.* at 1225. They are: (1) avoiding needless determinations of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Id.*

As to the first factor, this case involves insurance coverage issues, meaning whether Plaintiff has the duty to defendant MFC and Foat in the Underlying Lawsuit and whether it has a duty to indemnify them should a judgment in the Underlying Lawsuit be entered against them. No insurance-related claim is presented in the Underlying Lawsuit. Determining coverage issues involves the application of state law. *See Hoffman Constr. Co. of Alaska v. Fred S. James & Co.*, 313 Or. 464, 496, 836 P.2d 703, 706 (1992) (interpretation of insurance policies is a matter of state law). But, the *Brillhart* inquiry is whether this Court would be *needlessly* determining state-law issues. Because the claims here and in the Underlying Lawsuit are different, this Court is not needlessly determining state law. *E.g.*, *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp. 2d 1114, 1126 (D. Idaho. 2009) ("because no [insurance coverage] case was filed in Idaho state court, federal jurisdiction over the declaratory judgment claim does not involve needless determination of state law issues").

Additionally, as I explained in a 2016 case, resolving a duty to defend claim involves no needless determination of state law because that issue analyzes only the insurance policy and the operative complaint in the underlying state court case. *Century Sur. Co. v. Lopez*, No. 3:16-cv-00571-HZ, 2016 WL 4216782, at *2 (D. Or. Aug. 9, 2016) (stating that "duty to defend claims generally do not raise the same Brillhart concerns as duty to indemnify claims"). Further,

as I explained in *Century Surety*, even with the indemnity claim, which raises the possibility of resolving factual disputes which are at issue in the underlying litigation, a stay of the indemnity claim until the state court case is resolved eliminates the possibility that this Court could needlessly determine state law issues. *Id.* at *3.

As to forum shopping, the Pate and Stockton Defendants do not address this factor. There is no evidence presented that Plaintiff filed the action here as a means of forum shopping.

Finally, as to the third *Brillhart* factor of avoiding duplicative litigation, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Dizol*, 133 F.3d at 1225. "The quintessential Brillhart abstention case is one in which an insurer brings a federal declaratory action to resolve an insurance coverage dispute while a state court action involving the same parties and the same issue of coverage [is] already pending." *Century Surety*, 2016 WL 4216752, at *3 (internal quotation marks omitted). But, as in *Century Surety*, "[t]hat is not the case here[.]" *Id.* The same issue of coverage involving the same parties is not pending in state court.

Moreover, to the extent there are overlapping factual determinations on the duty to indemnify issue and the Underlying Lawsuit, as noted above, the indemnity issue may be stayed at an appropriate time to avoid inconsistent determinations of what are the same or similar factual issues. *See The Home Indemn. Co. v. Stimson Lumber Co.*, 229 F. Supp. 2d 1075, 1091 (D. Or. 2001) (explaining that *North Pacific Insurance Co. v. Wilson's Distributing Service, Inc.*, 138 Or. App. 166, 908 P.2d 827 (1995) "embraced the concept of staying the coverage case until resolution of the underlying [factual determination] issues in the third-party action").

13 - OPINION & ORDER

Other factors are also relevant to the exercise of the Court's discretion. *Dizol*, 133 F.3d at 1225 n.5. These include (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain "res judicata" advantage; (4) whether the use of a declaratory action will result in entanglement between federal and state court systems; (5) the convenience of the parties; and (6) the availability and relative convenience of other remedies. *Id.*

None of the factors weigh in favor of granting the Pate and Stockton Defendants' motion to dismiss. This action will decide all aspects of the duty to defend and eventually, will resolve all issues as to the duty to indemnify. Thus, it will serve a useful purpose in clarifying the legal relations between Plaintiff and its insured. There is no evidence that Plaintiff brings this action "merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage." *Id.* There is no contention that the use of a declaratory action here will result in entanglement between federal and state court systems.

On balance, examining all of the relevant factors, I exercise my discretion in favor of keeping the Pate and Stockton Defendants in the case.

/ / /

/ / /

/ / /

/ / /

/ / /

CONCLUSION

The Pate and Stockton Defendants' motion to dismiss [16] is denied.

IT IS SO ORDERED.

Dated this 6 day of September, 2018

_____
Marco A. Hernandez
United States District Judge